UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELIAS ESPINOZA LOPEZ, | ) | 1:10-CV-00007 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER COMPLAINT FORMS |
| NEIL ADLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**DISCUSSION**

On January 4, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. In his petition, Petitioner complains that he is being denied his right to correspond with another inmate. Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

1 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea
2 v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners
3 should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

4     In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or
5 duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition
6 must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a
7 civil rights complaint pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

8 **ORDER**

9     Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is
10 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
11 corpus relief.  IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to send Petitioner
12 the standard form for claims pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. The
13 Clerk of Court is DIRECTED to enter judgment and close the case.

15 IT IS SO ORDERED.

16 **Dated:   January 27, 2010**           /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE